United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 20, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40657
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROLANDO RUIZ-BECERRA,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:03-CR-1923-2
---------------------

Before JONES, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Rolando Ruiz-Becerra (Ruiz-Becerra) appeals his guilty plea

conviction and sentence for transporting an illegal alien within

the United States for private financial gain by means of a motor

vehicle in violation of 8 U.S.C. § 1324.

For the first time on appeal, Ruiz-Becerra contends that his

sentence is unconstitutional in light of Apprendi v. New Jersey,

530 U.S. 466 (2000), Ring v. Arizona, 536 U.S. 584 (2002), and

Blakely v. Washington, 124 S. Ct. 2531 (2004).  Specifically,

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Ruiz-Becerra contends that the district court violated his Sixth Amendment right to a jury trial when it enhanced his sentence beyond the relevant statutory maximum based on the district judge's finding that he obstructed justice because this finding was neither admitted by him nor made by a jury based on proof beyond a reasonable doubt.  Because Ruiz-Becerra did not object on this basis in the district court, this court's review is for plain error.  See United States v. Mares, ___ F.3d ___, No. 03-21035, 2005 WL 503715 at *7 (5th Cir. Mar. 4, 2005), petition for cert. filed, No. 04-9517 (U.S. Mar. 31, 2005).

Even if Ruiz-Becerra's sentence was enhanced based on facts that were neither admitted by him nor found by a jury beyond a reasonable doubt, he has not demonstrated that this plain error affected his substantial rights.  Ruiz-Becerra has failed to point to any evidence in the record indicating that the same sentence would not have been imposed had the district court known that the Guidelines were advisory.  The record itself gives no indication that the district court would have reached a different result under an advisory guidelines scheme.  The district court found that a total offense level of 14 was proper and sentenced Ruiz-Becerra in the middle of the 18 to 24 month guideline sentencing range.  Given the lack of evidence indicating that the district court would have reached a different conclusion, Ruiz-Becerra has failed to establish plain error.  See Mares, 2005 WL

503715 at **8-9.  Accordingly, the district court's judgment is

AFFIRMED.